*6 Opinion op the Court,
by Judge Owsley.
THIS was a petition and summons, in which Scott was plaintiff and Turpin and Jones defendants, in the circuit court.
At the appearance term, the defendants appeared, and demurred to the plaintiff’s action. The demurrer was sustained by the court, after which, the plaintiff ob-gained permission of the court to amend the copy of the petition which was sent out by the clerk with the summons, so as to correspond with the original filed in the c^erb’s office, there being a variance between the copy out an4 fhe original, in the date of the note sued on.
After the amendment was made, the defendants move4 ^or. a continuance; but their motion was overruled, and failing to make further answer, judgment was reñdered against them.
A g'eneral.de“p objection to process,
The only question presented for the determination of this court, involves the propriety of the decision of the court below, in refusing to continue the cause.
It is proper here to remark, that the record fails to exhibit the grounds upon which the defendants relied in their application for a continuance) We must, therefore, presume that no extraneous cause for a continuanee existed, and, consequently, the court must have decided correctly, unless from the facts as they appear from the record, the defendants, as a matter of strict gal right, were ertitled to a continuance. The facts are not, however, perceived, which,, in the opinion this court, entitled them to a continuance.
We know that where there exists a substantial defect in the pleadings of either party, the opposite party may demur, and after the demurrer is sustained by the court, and the pleadings amended, he is not bound to go into trial at that term; but as a'matter pf strict right, may demand a continuance of the cause until the next term.
But the present record does not exhibit a case of that sort. It is true, there appears to have been a demurrer filed by the defendants, and after that demurrer was sustained by the court, the plaintiff obtained leave to amend. The amendment was not, however, on the merits of the action, but in the copy of the petition which was sent out by the clerk with the summons; and although the demurrer was sustained by the court, as it went to the merits of the action anffnot to the writ, it' most indisputably ought not to have been. The error of the court in sustaining the dumurrer, cannot, therefore, have entitled the defendants to a continuance. Nor can the circumstance of the plaintiff having thereafter, under leave of the court, amended the copy of the petition which was sent out by the clerk with the summons; for by appearing and demurring to the action of the plaintiff, the defendants waived any objection which might otherwise have been taken to the variance which existed between the copy and original petition; and of course, the amendment which was made, was an act of supererrogation, and could not give to the defendants a right to a continuance.
The judgment must be affirmed with costs and damages.